UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　Plaintiff,<br>v.<br>SCOTT MCHALE; LINDA CARPENTER; and DOES 1-10,<br>　　　　　Defendants. | Civil No.13cv2721 CAB (NLS)<br><br>**ORDER:**<br><br>**(1) IMPOSING MONETARY SANCTIONS AGAINST DEFENSE COUNSEL DAVID PETERS FOR DISCOVERY VIOLATIONS; and**<br><br>**(2) CERTIFYING FACTS TO DISTRICT JUDGE REGARDING CONTEMPT OF COURT'S AUGUST 6, 2014 ORDER.** |

The court held an Order to Show Cause (OSC) hearing on August 28, 2014. Russell Handy appeared for Plaintiff Chris Langer. David Peters appeared for Defendants. Defendants themselves–Scott McHale and Linda Carpenter–also appeared. For the following reasons, the court imposes monetary sanctions against defense counsel David Peters under Federal Rule of Civil Procedure 37, and certifies findings to the district judge for consideration of possible additional sanctions.

**Relevant Background.**

Plaintiff Chris Langer filed this action under the Americans with Disabilities Act (ADA) and related California laws. He alleges that defendants Linda Carpenter, who owns and operates the store Urban Barn, and landlord Scott McHale, who owns the store

property and leases it to Ms. Carpenter, did not maintain a handicap-accessible parking space in the parking lot for the store.

On August 6, 2014, this court denied Defendants' motion to compel Plaintiff's expert to conduct a site inspection according to Defendants' preferred methodology. Because Defendants had unilaterally canceled Plaintiff's site inspection multiple times, the court set an Order to Show Cause (OSC) hearing for why monetary sanctions should not be imposed against defense counsel, David Peters, for consistently thwarting the site inspection. The court did not set an actual hearing but ordered: (1) the site inspection to go forward by August 22, 2014; (2) Plaintiff's counsel to file a declaration setting forth the fees associated with the filing of the joint discovery motion; (3) Mr. Peters to file a responsive declaration setting forth what he believed to be substantial justification for continually resisting Plaintiff's site inspection; and (4) Plaintiff to file a reply to that declaration. The parties provided all the requested filings.

Meanwhile, on August 18, 2014, the parties filed a second joint discovery motion for a dispute that arose on August 12, 2014, where Defendants again refused to allow the site inspection ordered to go forward in the August 6 Order. In the motion, Defendants asked this court if the pending site inspection was rendered moot in light of Defendants permanently closing the business on August 11, 2014. In response, Plaintiff asked this court to hold Defendants and/or defense counsel in contempt and to impose further sanctions for their failure to comply with a court order. For this second discovery dispute, Plaintiff requested a contempt finding and issue sanctions in addition to the monetary sanctions requested in Mark Potter's Declaration of August 13, 2014. Dkt. No. 36.

On August 19, 2014, the court denied Defendants' request to vacate its August 6 Order that the site inspection go forward, set a second OSC regarding contempt for Defendants' failure to comply with a court order, set an OSC hearing date of August 28, 2014, and ordered Mr. Peters to file by August 26, 2014, a declaration regarding his compliance with the court's August 6, 2014 Order.

On August 22, 2014–the deadline for Plaintiff to conduct the site inspection–Plaintiff filed a notice of mootness regarding his request to hold Defendants in contempt and for issue sanctions. Dkt. No. 47. The withdrawal of the contempt request is based on the parties having entered, on August 21, 2014, a factual stipulation establishing these facts:

> (1) the facts alleged in paragraphs 12-15 of the Second Amended Complaint (SAC) be "established for the purpose of the action;" and
>
> (2) the defendants be prohibited from submitting evidence or making the claim that
>
> (a) the property violations have been remedied and
>
> (b) that it is not readily achievable for them to remove the barriers alleged in the SAC.

Dkt. No. 40, 9:24-10:4. This factual stipulation addressed all of Plaintiff's concerns in his request for issue sanctions. But Plaintiff did not withdraw his request for monetary sanctions.

Mr. Peters filed his declaration on August 26, 2014. He said that he complied with the sole express requirement of the August 6 Order, which was to file a declaration regarding substantial justification for refusing the site inspection. He said that regarding the site inspection, he canceled the August 12 inspection in light of the business closing on August 11, and promptly filed the second discovery motion so he could get guidance on whether or not he would need to comply with the August 22 deadline to conduct the site inspection. After receiving the court's August 19 Order confirming that the site inspection should go forward, Defendants confirmed they would be available at almost any reasonable hour for Plaintiff to conduct the inspection. Shortly after, counsel negotiated the stipulation of facts, which alleviated the need for a site inspection. Because this was all done in advance of the August 22 deadline, Mr. Peters asserts that he fully complied with the August 6 Order in good faith.

/ / /

/ / /

### A.     <u>OSC 1: Monetary Sanctions for Defendants' Discovery Violations.</u>

The court made an initial finding that monetary sanctions would be appropriate for Defendants' continued resistance to Plaintiff's site inspection. The court based that finding on the fact that the August 6 Order was the fourth order involving the site inspection. *See* Dkt. No. 21 (June 6, 2014) (Order granting Defendants' request to continue pre-ENE meet and confer to same day as site inspection); Dkt. No. 25 (June 24, 2014) (Order striking Defendants' 89-page objection to the site inspection they admittedly expected and were amenable to); Dkt. No. 29 (June 27, 2014) (Order lifting formal stay on discovery so that parties could resolve issue stemming from Defendants' unilateral termination of the June 25 site inspection); Dkt. No. 34 (Aug. 6, 2014) (Order expressly ordering site inspection to go forward after Defendants' second unilateral termination of July 16 site inspection and admonishing Defendants for filing discovery motion five days late, in violation of court's June 27 Order). Based on all the filings and similar conduct in comparable cases, the court attributed the root of this conduct to Defendants' counsel, David Peters. It thus set the OSC for why monetary sanctions should not be imposed against Mr. Peters for his obstructive conduct in discovery, which prejudiced Plaintiff and encumbered the court with numerous and repetitive filings addressing the same discovery issue.

A court may impose sanctions on a party for failing to "obey an order to provide or permit discovery." Fed. R. Civ. Proc. 37(b)(2)(A). The party violating the court order, the attorney advising that party, or both, may be responsible for expenses and fees caused by the noncompliance. Fed. R. Civ. P. 37(b)(2)(C). But the disobedient party is not required to pay expenses if its actions are "substantially justified" or if it would be otherwise unjust. *Id.* Wilfulness is not a requirement for sanctions; however, a good faith discovery dispute may amount to "substantial justification." *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981).

Mr. Peters claims he was substantially justified in opposing Plaintiff's site inspection demand based on these arguments: (1) Defendants never actually opposed the

site inspection but only disagreed with the methodology to be used by Plaintiff's expert; (2) Mr. Peters only wanted to help create a clear record for the court when it evaluated Defendants' motion for partial summary judgment, because the methods used by Plaintiff's expert "would likely yield inaccurate measurements of the slope" (Peters Decl. ¶ 3 [Dkt. No. 46]) and it would have benefitted the court to have both sides use the same tools and techniques when doing their site inspections; (3) the inspection demand became moot once Defendants closed the business and withdrew their motion for partial summary judgment because injunctive relief was no longer available; and (4) working with the same plaintiff's counsel, Mr. Peters participated in other site inspections with other defendants.

The court finds that Mr. Peters did not present substantial justification for his continued resistance to the site inspection in this case. First, it is disingenuous for him to say that he never actually opposed the site inspection. He did not oppose Plaintiff's site inspection so long as he could control how it was conducted. That entire notion undercuts the purpose of litigation and the adversarial process. Lack of control over methodology does not constitute substantial justification to oppose a site inspection.

As to Mr. Peters' argument that he was "protecting" the court and evidentiary record, Mr. Peters never responds to the court's comment as to why he could not have his own expert perform a site inspection according to the methodology he espoused.

Regarding the inspection demand becoming moot in light of the business closing, this court found that the site inspection was not rendered moot by the business closing because the inspection would still be relevant to the state law claims.

Finally, as to Mr. Peters' assertion that he has acted reasonably with this same plaintiff's counsel in allowing site inspections in other cases, his cooperation in other cases is not relevant to the contempt issue here, and in fact seems to only bolster the fact that he acted unreasonably in this case.

Mr. Peters presents no substantial justification for his obstructive conduct in discovery, especially in light of the several court orders that he move forward with the

site inspection. He never presented any legal authority for why or how he could compel an opposing party to conduct a site inspection subject to his control. And in any event, the method that he espouses–using a 24 inch level to measure slope variations in areas meant for wheelchair use–does not make sense if there is a slope variation that is less than 12 inches, as it would appear difficult to measure such a short area with such a long level. In sum, there was no substantial justification to insist that Plaintiff's site inspection be conducted only how Mr. Peters saw fit.

This conduct continued after the August 6 Order and involved another joint discovery motion on which Plaintiff prevailed. The court finds that Defendants failed to follow the court's discovery orders. The court holds Mr. Peters responsible for these violations and thus orders him to compensate Plaintiff the attorney fees related to this issue.

Plaintiff asks for reasonable attorney's fees associated with all the work that went in to determining when and how to conduct his site inspection. The dispute started around May 16, 2014 and continued until at least August 13, 2014. Three attorneys worked on this issue for Plaintiff. Mark Potter, the lead attorney, submitted a declaration detailing the experience of the three attorneys and their hourly rates, noted precedent-setting opinions they worked on in the area of disability law and extensive experience with site inspections, and requested $7,435 in compensatory sanctions.

Phyl Grace spent 1.6 hours dealing with Mr. Peters via email between May 29 and June 6, 2014 regarding the ex parte application Mr. Peters filed, and reporting on the state of discovery to Mr. Handy. She has been an attorney for nine years, and has focused exclusively on disability law for the last four years. She bills at $300 per hour. The court finds her hourly rate and time spent on this case reasonable.

From June 24 to August 12, 2014, Russell Handy spent 14.3 hours dealing with this discovery dispute, meeting with Mr. Peters in person, drafting a discovery statement and reviewing Mr. Peters' filings. He has litigated disability cases for 17 years, doing both trials and appeals. He bills at $425 per hour. The court finds his hourly rate and

time spent on this case reasonable.

Mark Potter spent 2.3 hours discussing Mr. Peters' demands with expert Paul Bishop, meeting and conferring with Mr. Peters, and drafting his declaration. He founded the Center of Disability Access and has practiced almost exclusively in this area for nearly 20 years. He bills at $425 per hour. The court finds his hourly rate and time spent on this case reasonable.

The court, therefore, **ORDERS** defense counsel David W. Peters to pay the Center for Disability Access $7,435.00 by **September 5, 2014**.

### B.  OSC 2: Request for Contempt Finding Based on Failure to Follow the August 6, 2014 Order.

Plaintiff originally requested issue sanctions based on contempt of the August 6 Order. Dkt. No. 40, pp.9-10. While he subsequently withdrew the request based on the parties executing a factual stipulation that rendered the site inspection moot, Plaintiff's withdrawal does not render moot whether Mr. Peters should be held in contempt for failure to comply with the August 6 Order. In terminating the site inspection for the third time on August 11, 2014, Mr. Peters and his clients–even though they thought they had good cause to do so–disobeyed the court's August 6 Order adjudicating the discovery motion. For this reason, the court set the OSC regarding contempt. August 19 Order, Dkt. No. 43.

A party may be found in contempt for failure to obey a discovery order. Fed. R. Civ. Proc. 37(b)(2)(A)(vii). Where the purpose behind the contempt finding is "remedial, i.e. to compensate for the costs of the contemptuous conduct or to coerce future compliance with the court's order, the contempt order is civil." *Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 877 F.2d 787, 790 (9th Cir. 1989). In comparison, "[c]riminal contempt is a completed act of disobedience; the sentence is punitive to vindicate the authority of the court." *Bingman v. Ward*, 100 F.3d 653, 655 (9th Cir. 1996). Magistrate judges themselves do not have authority to make any findings of contempt, so must certify their findings to the district judge. 28 U.S.C. § 636(e);

*Bingman*, 100 F.3d at 656-657.

A finding of civil contempt is appropriate where a party disobeys a specific and definite court order "by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (citation omitted). In a civil contempt proceeding, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). A court may exercise its civil contempt power for one or both of these purposes: "to coerce the [party] into compliance with the court's order, and to compensate the complainant for losses sustained." *U.S. v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947) (alteration in original).

A party may be held in contempt even if its conduct was not willful. *Reno Air*, 452 F.3d at 1130 (citation omitted). Substantial compliance is a defense to an action for civil contempt. *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989). So if a party demonstrates that another party violated a specific and definite court order, the burden shifts to that party to prove that it "took all reasonable steps within [its] power to insure compliance." *Hook v. Ariz. Dep't of Corrections*, 107 F.3d 1397 (9th Cir. 1997) (alteration in original) (citation omitted). Where a party takes all reasonable steps to comply with an order, technical or inadvertent violations will not support a finding of civil contempt. *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986).

Here, Plaintiff has shown by clear and convincing evidence that Mr. Peters and Defendants unilaterally terminated, for the third time, a site inspection that this court specifically ordered to go forward. As explained above, Defendants and Mr. Peters did not show any substantial justification for again refusing to go forward with the site inspection. While Defendants ultimately agreed to the factual stipulations that Plaintiff sought, which addressed all of Plaintiff's requests in the issue sanctions and alleviated the need for a site inspection, the agreement came belatedly, only after Plaintiff's counsel

expended additional time between August 8 and 13, 2014 working on yet another discovery motion on this issue.  Ultimately, Defendants and Mr. Peters complied with the August 22 deadline by executing the factual stipulation, and Plaintiff has been compensated via Rule 37 sanctions for the losses sustained in pursuing that compliance.

The remaining question is whether Defendants and their counsel–specifically, Mr. Peters–should be sanctioned further for failure to respect the authority of the court.  Mr. Peters' pattern of circumventing each court order by agreeing to the site inspection but then unilaterally terminating it on short or no notice, or by filing multiple motions and arguing the inspection could not go forward without them being adjudicated, or by advising his clients to close the business, all blatantly and without justification obstructed the discovery process, the Federal Rules of Civil Procedure, this court's orders, and the Local Rules.  Further sanctions may be warranted based on contempt or noncompliance under Civil Local Rule 83.1 (for failure to comply with Civil Local Rules 83.4.a.1.b, 83.4.a.1.c and 83.4.a.2.g), or could include referral to the disciplinary committee under Civil Local Rule 83.5.  Accordingly, this court certifies the following facts for the district judge to consider and decide whether further sanctions are appropriate.

### C.     Certificate of Magistrate Judge.

The undersigned Magistrate Judge certifies as follows:

1. On May 13, 2014, this court set an Early Neutral Evaluation (ENE) for June 30, 2014, stayed formal discovery, and ordered counsel to meet and confer in person at the premises by June 16, 2014.

2. Also on May 13, 2014, Defendants filed a motion for partial summary judgment (MPSJ) based on their own expert's report of compliance with the ADA, arguing there was no case or controversy for the ADA claim and asking the court to decline asserting supplemental jurisdiction for the state law claims.

3. Counsel agreed to conduct a site inspection.  Mr. Peters said he anticipated Plaintiff would need to do a site inspection to include that information in his opposition to the MPSJ.  Dkt. No. 20, p.2.

4. On June 6, 2014, the court granted Defendants' ex parte application to continue the date of the meet and confer to June 25, the same day as the site inspection.

5. On June 6, 2014, Mr. Peters insisted on imposing conditions on the site inspection. Plaintiff refused.

6. On June 20, 2014, in violation of the court's and this chambers' rules, Defendants filed an 89-page "objection" to the site inspection, after having agreed to it.

7. On June 24, 2014, the court issued a discrepancy order, striking the objection from the docket.

8. Mr. Peters unilaterally terminated the June 25 site inspection. On that day, he filed an ex parte application asking the court to again eliminate or continue the meet and confer requirement to the same day as the site inspection, saying that the June 25 site inspection could not go forward because a discovery dispute arose. Dkt. No. 26. He said the dispute was based on Plaintiff's unwillingness to provide–at Defendants' request–"certain additional information . . . in order to ensure that accurate information is provided to the Court[.]" Dkt. No. 26, p.2.

9. On June 27, 2014 the court continued the meet and confer requirement to the same day as the site inspection, lifted the stay on formal discovery so that there would be no question that procedurally, the site inspection would go forward, and set a deadline of July 11, 2014 to file a joint discovery motion if the parties could not resolve the site inspection issue themselves.

10. Up until July 1, 2014, counsel exchanged several written communications regarding the site inspection. Mr. Peters refused to permit Plaintiff's site inspection unless he could set conditions on Plaintiff's expert. Plaintiff refused. Dkt. No. 36, ¶¶ 14-15.

11. On July 2, 2014, counsel met and conferred in person. Over the next several days, they negotiated a compromise for conducting the site inspection. They signed the stipulation on July 15 and set the site inspection for July 16, 2014. Dkt. No. 36, ¶¶ 17-19.

12. Just after signing the stipulation on July 15, Mr. Peters canceled the July 16

site inspection. Dkt. No. 36, ¶ 20.

13. On July 16, 2014, instead of conducting the site inspection, the parties filed a joint discovery motion asking for determination of the discovery dispute that Plaintiff thought had been resolved by stipulation and that Mr. Peters resurrected shortly after apparent resolution. The motion was filed five days after the court deadline. Dkt. No. 30.

14. Also on July 16, the parties set aside August 12, 2014 as the date to conduct the site inspection, assuming the court would order it to go forward. Dkt. No. 36, ¶ 22.

15. On August 6, 2014, the court ruled on the discovery motion, finding Defendants had a baseless position in which defense counsel improperly sought to dictate how Plaintiff's expert should conduct his own site inspection. Dkt. No. 34. The court set a deadline for the site inspection to take place no later than August 22, 2014.

16. On August 8, 2014, Mr. Peters wrote Plaintiff's counsel saying that he holds August 12 as the date for the site inspection for this case and another case, but then asked to put off the site inspection for this case to another date. Dkt. No. 36, ¶ 24.

17. On August 11, 2014, Plaintiff refused to move the site inspection. Mr. Peters responded that he was "just informed" his clients were closing their doors and that the site inspection would not go forward. Dkt. No. 36, ¶¶ 25-26. This was the third time Mr. Peters unilaterally canceled the site inspection on short notice.

18. On August 12, 2014, Mr. Potter and Mr. Peters met in person to discuss the issue. This meeting took place at a location 20 minutes away from the property at issue here, while Mr. Peters and his expert and Mr. Potter and his expert were conducting a site inspection for another case. Even with all relevant parties present and ready, Mr. Peters refused to allow the site inspection of Urban Farm to go forward. Dkt. No. 36, ¶ 28.

19. Also on August 12, 2014, Scott McHale and Linda Carpenter each filed declarations stating "My decision to close the business at this location was based in substantial part on documents and information received from my attorney relating to positions Plaintiff's counsel have taken in this and other cases[.]" Dkt. No. 35-2, ¶ 5; Dkt.

No. 35-3, ¶ 5.

20. On August 13, 2014, Defendants filed a motion to dismiss for lack of jurisdiction and to decline supplemental jurisdiction. Dkt. No. 35. They also filed a motion to stay proceedings pending determination of the motion to dismiss. Dkt. No. 38.

21. On August 18, 2014, Defendants withdrew their MPSJ. Dkt. No. 39.

22. Also on August 18, 2014, the parties filed yet another joint discovery motion as to whether the site inspection should proceed. Dkt. No. 40. Plaintiff requested a finding of contempt and issue sanctions.

23. On August 19, 2014, this court denied Defendants' request to vacate its previous order that the site inspection go forward. It confirmed that the inspection must be conducted by August 22, 2014 and set the OSC hearing for August 28, 2014. Dkt. No. 43.

24. The district judge denied the motion to stay proceedings on August 20, 2014. Dkt. No. 45.

25. On August 22, 2014, Plaintiff withdrew the request for contempt because the parties executed a factual stipulation that resolved all of Plaintiff's demands in the request for issue sanctions. Dkt. No. 47.

26. Using the factual stipulation, Plaintiff filed a motion for summary judgment on the state law claims, requesting damages. Dkt. No. 51.

Overall, these facts show that Mr. Peters unilaterally and without justification canceled three agreed-upon site inspections, sought to delay Plaintiff from obtaining discovery needed to oppose the MPSJ, filed baseless motions by which he sought to control the method of Plaintiff's own site inspection, violated the court's August 6 order that the site inspection go forward by terminating the August 12 inspection, went so far as to advise his clients to close the business rather than allow the inspection to go forward, and consumed a tremendous amount of the court's resources with repetitive and onerous filings. The sum of his behavior and the cited facts suggest that he may not have been acting in his clients' best interests.

This court recommends that the district judge consider these facts in determining whether any further sanctions or discipline are appropriate for Mr. Peters for willfully disobeying this court's orders and for obstructing the discovery process.

**IT IS SO ORDERED.**

DATED: September 2, 2014

*Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court