UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Chris Langer, | Civil No. | 13cv2721-CAB-NLS |
|---|---|---|
| Plaintiff, | **ORDER RE: (1) MOTION TO DISMISS/DECLINE SUPPLEMENTAL JURISDICTION [Doc. Nos. 35, 37]; (2) MOTION FOR SUMMARY JUDGMENT [Doc. No. 51]; (3) OBJECTION TO MAGISTRATE JUDGE ORDER [Doc. No. 57]; (4) OSC re: CONTEMPT [Doc. No. 55]** | |
| v. | | |
| Scott McHale; Whitney Carpenter, and Does 1-10, | | |
| Defendants. | | |

On October 14, 2014, the Court held a hearing with regard to the following: (1) Motion to Dismiss per FRCP 12(B)(1) and Decline Supplemental Jurisdiction over State Law Claims per 28 U.S.C. § 1367(c) [Doc. Nos. 35, 37]; (2) Plaintiff's Motion for Summary Judgment [Doc. No. 51]; (3) Defendant's Objection to Magistrate Judge Stormes' Order of September 2, 2014 [Doc. No. 57]; (4) Order to Show Cause re: Contempt of Court's August 6, 2014 Order [Doc. No. 55]. Mark Potter, Esq., and Russell Handy, Esq., appeared on behalf of Plaintiff. David Peters, Esq., appeared on behalf of Defendants. For the reasons stated at the hearing and as set forth below, the Court rules as follows.

# I. MOTION TO DISMISS/DECLINE SUPPLEMENTAL JURISDICTION

The Second Amended Complaint ("SAC") sets forth a federal claim for injunctive relief under the Americans with Disabilities Act ("ADA")(42 U.S.C. § 12101 et. seq.), and state law claims for damages under the Unruh Civil Rights Act (Cal. Civil Code §§ 51-53) and the California Disabled Persons Act (Cal. Civil Code §§ 54-54.8). [Doc. No. 10.] The SAC alleges various ADA violations, including the failure to provide parking for customers with disabilities. Defendants move to dismiss the federal claim for injunctive relief under the ADA on the grounds that the business has now closed and, therefore, there is no "case or controversy" between the parties in this action. [Doc. No. 35 at 3-7.] Defendants also request that the Court decline to exercise supplemental jurisdiction with regard to the state law claims for damages. [Doc. No. 35-1 at 7-24.]

Plaintiff accepts (without independent verification) Defendants' representations that the business has closed and, therefore, agrees that the claim for injunctive relief is rendered moot. However, Plaintiff opposes the request for the Court to decline to exercise supplemental jurisdiction on the grounds that judicial economy is best served by keeping the state law claims in this Court. [Doc. No. 58 at 5-14.] Given that Plaintiff agrees that the federal claim for injunctive relief is now moot, the Court **GRANTS** Defendants' motion to dismiss the first cause of action of the SAC.

While the federal claim has now been dismissed, the Court has discretion to retain the supplemental state law claims and grant relief thereon. 28 U.S.C. § 1367(c)(3); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 728 (1966); *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995). As stated at the hearing, this case has been heavily litigated in this Court. It would be unreasonable to require Plaintiff to refile the damage claims in state court after litigating the matter for almost one year. Moreover, Plaintiff has now filed a motion for summary judgment on the primary state law claim, based almost entirely on facts to which Defendants have stipulated. Therefore, in the interests of equity and judicial economy, the Court **DENIES** the request for the Court to decline to exercise supplemental jurisdiction.

II. MOTION FOR SUMMARY JUDGMENT

Plaintiff seeks summary judgment as to the second cause of action for violation of the Unruh Civil Rights Act, and only as to the issue of failure to provide disabled parking.[1] [Doc. No. 51-1 at 7-12.] Plaintiff seeks statutory damages of $4,000 pursuant to Cal. Civil Code §52(a). Notwithstanding that they have stipulated to almost all of the material facts, Defendants oppose the motion for summary judgment and request a continuance to engage in discovery.

A. Legal Standard.

Summary judgment/adjudication is proper only upon a the movant's showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). "Material," for purposes of Rule 56, means that the fact, under governing substantive law, could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cline v. Industrial Maintenance Engineering & Contracting CO.*, 200 F.3d 1223, 1229 (9th. Cir. 2000). For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the nonmoving party. *Id., citing Anderson*, 477 U.S. at 248.

"Where the moving party has the burden–the plaintiff on a claim for relief or the defendant on an affirmative defense–his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)(emphasis in original), quoting from Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 FRD 465, 487-488 (1984).

The opposing party may not rest upon its pleadings. Rather, to avoid summary judgment, it must affirmatively show a "genuine dispute" as to a "material fact." Cal. Practice Guide: Federal Civil Procedure Before Trial § 14:100, at 14–29, quoting Fed. R. Civ. Proc. 56(c). "Where the nonmoving party will bear the burden of proof at trial on a

---

[1] At the hearing, Plaintiff dismissed the second cause of action as to all alleged violations other than the failure to provide disabled parking. Plaintiff also dismissed the third cause of action for violation of the California Disabled Persons Act.

dispositive issue, (former) Rule 56(e) requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Cal. Practice Guide: Federal Civil Procedure Before Trial § 14:114, at 14–49, quoting *Celotex Corp. V. Catrett*, 477 U.S. 317, 323-324(1986)(parenthesis added).

B. ADA/Unruh Act.

Congress passed the ADA, 42 U.S.C. § 12101 et seq., in 1990 "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." § 12101(b)(2). Title III of the ADA prohibits discrimination by public accommodations. § 12181 et seq. Title III provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." § 12182(a). Discrimination includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." § 12182(b)(2)(A)(iv). Readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." § 12181(9).

To prevail on a Title III discrimination claim, the plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. 42 U.S.C. §§ 12182(a)-(b); *see Parr v. L & L Drive–Inn Restaurant*, 96 F.Supp.2d 1065, 1085 (D.Haw.2000); *Dunlap v. Ass'n of Bay Area Gov'ts*, 996 F.Supp. 962, 965 (N.D.Cal.1998).

Aggrieved individuals or the Attorney General may enforce the ADA. 42 U.S.C. § 12188. Private parties may utilize the remedies and procedures made available by the Civil Rights Act of 1964. § 12188(a)(1) (citing § 2000a–3(a)). In particular, they may obtain injunctive relief against public accommodations with architectural barriers,

including "an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." § 12188(a)(2). In suits brought by the Attorney General, courts may grant both equitable relief and monetary damages. § 12188(b)(2). Monetary damages are not available in private suits under Title III of the ADA, *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir.2002), but the ADA gives courts the discretion to award attorney's fees to prevailing parties. 42 U.S.C. § 12205.

In the disability context, California's Unruh Civil Rights Act operates virtually identically to the ADA. It states,

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ.Code § 51(b).

Any violation of the ADA necessarily constitutes a violation of the Unruh Act. § 51(f). The Unruh Act, however, does allow for monetary damages. Victims of discrimination may obtain actual damages, as well as "any amount that may be determined by a jury ... up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars." § 52(a). The litigant need not prove he suffered actual damages to recover the independent statutory damages of $4,000. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir.2000). The Unruh Act also allows for attorney's fees. Cal. Civ.Code § 52(a).

Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims. *Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860, 862–63 (C.D. Cal. 2004).

C. Analysis.

To succeed on an ADA claim, and therefore also an Unruh Act claim for damages, the Plaintiff must show the following five elements:

1. Plaintiff must be disabled. 42 U.S.C. § 12182(a);

2. The defendants' facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA. *Id.*;

3. The defendants must be responsible parties, i.e. owners, operators, lessors or lessees. *Id.;*

4. The defendants' facility must have either undergone an alteration that did not comply with the access standards or contain an easily removed barrier that the defendants failed to remove. 42 U.S.C. § § 12183(a)(2); 12182 (b)(2)(A)(iv);

5. Plaintiff must have actually encountered this non-removed and unlawful barrier. 42 U.S.C. § 12188(a).

Plaintiff has presented undisputed and/or stipulated facts to prove each element.

Element 1: Plaintiff is a man with severe mobility impairments who cannot walk and uses a wheelchair for mobility. Doc. No. 51-2 at ¶ 2.

Elements 2 and 3: Defendants stipulated that they either owned or operated the subject property called "Urban Barn" in October of 2013 and, at a minimum, until August 11, 2014; and that the Urban Barn sold used household furnishings to the public and constituted a place of public accommodation subject to Title III of the ADA. Doc. No. 51-3 at 2, ¶ ¶ 1 and 2.

Element 4: Under the ADA, any business that provides parking spaces and has between 1 and 25 spaces must provide at least one accessible parking space. Department of Justice, Technical Assistance Manual on the Americans with Disabilities Act (BNA) § § III- 4.1.2(5) (1991); 2010 Standards § 208. *See* 28 C.F.R., Part 36, Appendix D; 36 C.F.R., Part 1191, Appendix B and D. Defendants have stipulated that on October 1, 2013, when Plaintiff went to the Urban Barn antique store, there were 19 parking spaces for the public in the parking lot but not a single one was marked or reserved for persons with disabilities. Doc. No. 51-3 at 2, ¶ ¶ 3 and 4. This constituted an unlawful barrier. Defendants have further stipulated that on or about May 9, 2014, the Defendants had a van accessible, handicap parking space installed on the site and serving the Urban Barn.

Doc. No. 51-3 at 2, ¶ 5.  Finally, Defendants stipulated that the installation of this van accessible parking stall was readily achievable for Defendant McHale and Defendant Carpenter.  Doc. No. 51-3 at 3, ¶ 6.

Element 5: On October 1, 2013, Plaintiff actually encountered the unlawful barrier when he pulled into the parking lot and was unable to find a space marked or reserved for persons with disabilities.  Doc. No. 51-2 at 1-2, ¶¶ 4-5.

Given the ADA violation, Plaintiff has established a claim for violation of the Unruh Act and is therefore entitled to statutory damages of $4,000.  Cal. Civil Code §§ 51-53.

In opposition, Defendants request a continuance pursuant to Fed.R.Civ.P. Rule 56(d).  This request is disingenuous and without merit.  Defendants have had ample opportunity to conduct discovery.  Not only have Defendants failed to conduct any discovery, they have obstructed Plaintiff in his abilities to conduct discovery, leading to Defendants' counsel being sanctioned.  *See* Doc. No. 53.  Moreover, the areas of inquiry Defendants claim they need to pursue in discovery are irrelevant.  Plaintiff is not required to show that he was completely denied access in order to establish an ADA (and therefore Unruh Act) violation.  *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041, fn. 4 (9th Cir. 2008); *Wilson v. Haria & Gogri Corp.,* 479 F.Supp.2d 1127, 1134 (E.D. Cal. 2007); *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000).  *See also* Cal. Civil Code § 55.56(1).  And there is no requirement that Plaintiff mitigate damages when he is merely seeking statutory damages.  Cal. Civil Code §52(a).  Finally, Defendants' arguments that Plaintiff's electronic signature on the declaration is somehow suspect, or that Plaintiff could not have attended a particularly street fair prior to visiting the subject property, are without merit, immaterial, and do not warrant further discovery.  Therefore, Defendants' request to continue the motion is **DENIED**.

Defendants' other arguments in opposition to the motion are also unpersuasive.  There is nothing particularly novel or complex about an Unruh Act claim that would prohibit this Court from adjudicating it.  *See Anglin v. Bakersfield Prosthetics &*

7

13cv2721

*Orthotics Ctr. Inc.*, 2013 WL 6858444 *6 (E.D. Cal. Dec. 30, 2013). In addition, Defendants are not entitled to a $2,000 reduction in the statutory damages, as Defendants stipulated that they did not correct the parking space violation until well over 30 days of being served with the complaint. Cal. Civil Code § 55.56(f)(2)(A).[2]

Given that Plaintiff has established each element with undisputed and/or stipulated facts, Plaintiff's motion for summary judgment as to the second cause of action as to the failure to provide disabled parking space is **GRANTED**.

### III. OBJECTION TO MAGISTRATE JUDGE ORDER

Defendants filed an objection to pursuant to Fed.R.Civ.P. 72(a) to the September 2, 2014 order of Magistrate Judge Stormes [Doc. No. 53] wherein she imposed monetary sanctions against defense counsel for discovery violations and certified facts regarding contempt of her previous order of August 6, 2014. [Doc. No. 57.]

District court review of magistrate judge orders on non-dispositive motions is limited. A motion relating to discovery, such as the motion at issue here, is considered non-dispositive. *See* 28 U.S.C. § 636(b)(1)(A). A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). The Court must uphold the magistrate judge's order unless it is "clearly erroneous or contrary to law." Id.; 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions ...." *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F.Supp.2d 980, 983 (S.D.Cal.1999) (citations omitted). "Under this standard, 'the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.' " *Id*. (*quoting Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).

---

[2] At the hearing, Defendants' counsel claimed that he had evidence that the parking space violation had been remedied with 30 days. However, there is no such evidence in the record. Moreover, such evidence would have been in Defendants' possession or control, and therefore should have been submitted in opposition to this motion. Cal. Practice Guide: Federal Civil Procedure Before Trial § 14:114, at 14–49; *Celotex Corp. V. Catrett*, 477 U.S. 317, 323-324(1986).

8

13cv2721

Here, there is no showing that Magistrate Judge Stormes' order was clearly erroneous or contrary to law. In fact, Magistrate Judge Stormes meticulously set forth the factual events that led to her awarding sanctions against defense counsel for obstructing the discovery process. [Doc. No. 53 at 1-7.] Her analysis is thorough, concise and well-reasoned. Defendants objections to the order are **REJECTED** and the order remains in effect. If he has not already done so, **DEFENSE COUNSEL DAVID PETERS SHALL PAY $7,435.00 FORTHWITH (but no later than October 31, 2014) TO THE CENTER FOR DISABILITY ACCESS.**

## IV. OSC RE: CONTEMPT

On September 2, 2014, Magistrate Judge Stormes issued an Order: (1) imposing monetary sanctions against defense counsel David Peters for discovery violations; and (2) certifying facts to District Judge regarding contempt of Court's August 6, 2014 order. [Doc. No. 53.] Based upon the facts certified by Magistrate Judge Stormes [Doc. No. 53 at 9-13], this Court set an OSC regarding whether any further sanctions or discipline are appropriate for Mr. Peters willfully disobeying the Court's orders and for obstructing the discovery process.

This Court accepts the facts certified by Magistrate Judge Stormes but declines to issue any further sanctions or discipline against Mr. Peters. As stated at the hearing, it appears that Mr. Peters has a personal or political agenda that causes him to defend ADA cases in a way that is obstreperous, unprofessional, and harmful to his own clients' interests. Nevertheless, given that Defendants stipulated to material facts which allowed Plaintiff to obtain summary judgment, the Court sees no further prejudice to Plaintiff and therefore **DECLINES** to issue further discipline or sanctions.

## V. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

(1) Defendants' motion to dismiss the first cause of action is **GRANTED**; the motion to decline to exercise supplemental jurisdiction over the remaining state law claims is **DENIED**;

(2) Plaintiff's motion for summary judgment as to the second cause of action for violation of the Unruh Act with regard to the failure to provide disabled parking is **GRANTED**; Plaintiff shall recover $4,000 in statutory damages. Plaintiff has dismissed the second cause of action as to any other ADA violations, and has also dismissed the third cause of action.

(3) Defendants' objections to Magistrate Judge Stormes' order of September 2, 2014 are **OVERRULED** and the order of September 2, 2014 imposing sanctions against Mr. Peters in the amount of $7,435.00 is **AFFIRMED AND TO BE PAID FORTHWITH BUT NO LATER THAN OCTOBER 31, 2014**;

(4) The Court **DECLINES** to issue any further sanctions against Mr. Peters.

(5) Plaintiff shall file a motion for reasonable attorneys' fees (excluding the fees that constitute the sanctions against Mr. Peters) no later than **November 14, 2014**.[3]

**IT IS SO ORDERED**.

DATED: October 20, 2014

_____
**CATHY ANN BENCIVENGO**
United States District Judge

---

[3] After the Court rules on the motion for attorneys' fees, Plaintiff shall submit a proposed Judgment.